## STATE *vs*. BENJAMIN JOHNSON.

### Kennebec, 1875.—May 13, 1876.

#### *Indictment.*

Under a statute imposing a penalty for carrying on a business without a yearly license, the penalty may be recovered as often as the offense is repeated. A recovery for a part of the year does not operate as a license for the residue.

When the statute imposing a penalty declares that it shall go to the use of the town in which the offense is committed, an indictment to recover the penalty shows with sufficient certainty to whose use the penalty is to be appropriated, if it contains a distinct averment of the name of the town in which the offense was committed.

ON REPORT.

INDICTMENT for being a common innholder without a license, in the city of Gardiner, during September, 1874, under R. S., c. 27, §§ 12, 13, which provide a maximum penalty of fifty dollars to be recovered by complaint, indictment, or action of debt, for the use of the town where the offense is committed.

The indictment in this case alleged the offense in Gardiner, but did not state to whom the penalty was to go.

At the finding of the indictment, two actions were pending against the defendant in behalf of the city to recover in each a penalty of fifty dollars for keeping the same inn for the months of May and June previous.

The defendant's counsel objected that the indictment could not be maintained, because it did not show to whom the penalty was to go, and because of the civil suits to recover what he claimed to be the same penalty.

The case was reported to the law court to settle the questions raised by the defendant's objections.

*L. Clay*, for the defendant.

The statute authorizes the board to license suitable persons to be innholders, &c., until the day succeeding the first Monday in May of the next following year on the payment of one dollar to the treasurer. Such license is good for the whole time unless revoked.

The counsel contended that the penalty for not taking out such license could not exceed fifty dollars in all for the whole time, and that the pendency of the previous suits was a bar to the indictment.

*W. P. Whitehouse,* county attorney, for the state.

WALTON, J. The defendant is indicted for being a common innholder without a license.

I. It is objected that the indictment cannot be maintained because it does not show to whom the penalty is to go. It is only when the penalty goes to the prosecutor, or to some other person or persons, of whose existence and identity the court cannot take judicial notice, that such an averment is necessary. When, as in this case, the penalty goes to the town in which the offense is committed, and the appropriation is made by a public statute of which the court can take judicial notice, and the indictment gives the name of the town in which the offense was committed, no other or further averment is necessary. *State* v. *Smith,* 64 Maine, 423. *State* v. *Cottle,* 15 Maine, 473. *State* v. *G. T. R. R. Co.,* 60 Maine, 145. *Com.* v. *Messenger,* 4 Mass., 462.

II. It is further objected that the indictment cannot be maintained because two civil suits are pending against the defendant to recover the same penalty. We think the penalty is not the same. The first suit was for being a common innholder without a license from May 19, to June 1, 1874. The second was for being such innholder from June 1, to July 1, 1874. The indictment is for being such innholder from September 1, 1874, to the time of finding the same, a period of time not covered by either of the former suits. The court cannot yield to the argument that because a license to keep an inn will continue in force to the end of the year, therefore but one penalty can be incurred for keeping an inn without a license within that time. The court is of opinion that if the defendant should eventually be punished for violating the law in May or June, such punishment would not be a bar to his being again punished for another violation of it in September ; that the

first punishment would not have the effect of a license to continue in wrong doing in the future, and to the end of the year.

*Indictment adjudged good.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.